**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **ABITA NOOR ZAI #A244-550-827** | **CIVIL ACTION NO. 6:26-CV-01066 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **PAMELA BONDI ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## JUDGMENT

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] filed by Petitioner Abita Noor Zai ("Petitioner"). At the time of filing, Petitioner was an immigration detainee at South Louisiana Processing Center in Basile, Louisiana.

According to the Declaration of Eric A. Cook, Supervisory Detention and Deportation Officer for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations, New Orleans, Louisiana, Petitioner is no longer detained. [Doc. 20]. The Declaration states:

> On August 28, 2026, the petitioner was removed from the United States by Charter Flight, Mission #26-007464, from Perot Field Fort Worth Alliance Airport (AFW) with a final destination of Bangui M'Poko International Airport (FEFF) in Bangui, Central African Republic.

[Doc. 20-1, ¶ 4].

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*,

445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). If a controversy becomes moot, the case must be dismissed for lack of jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

An alien who has been finally removed from United States is not "in custody," as required for a court to have the power to grant a writ of habeas corpus. *See Merlan v. Holder*, 667 F.3d 538 (5th Cir. 2011) (per curiam); *Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019); 28 U.S.C. § 2241.

Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Petition [Doc. No. 1] is hereby **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

THUS DONE AND SIGNED at Monroe, Louisiana, this 7th day of October, 2026.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE